IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK K.,[1]

          Plaintiff,

   v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

          Defendant.

No. 3:21-cv-1436-MO

OPINION & ORDER

MOSMAN, District Judge:

    This matter comes before me on Plaintiff Mark K.'s Complaint [ECF 1] against Defendant Commissioner of the Social Security Administration. For the reasons given below, I REVERSE the Commissioner's decision and REMAND this case.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 – OPINION & ORDER

## PROCEDURAL BACKGROUND

On April 22, 2019, Plaintiff applied for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, alleging disability beginning August 1, 2018. Tr. 167-68. The Social Security Administration ("SSA") denied his claim initially and upon reconsideration. Tr. 97-101, 108-10. Plaintiff appeared before Administrative Law Judge ("ALJ") Elizabeth Watson on December 20, 2020. Tr. 38-61. On January 14, 2021, the ALJ issued a decision denying Plaintiff's claims for benefits. Tr. 22-37. Plaintiff filed an appeal, and the Appeals Council denied review. Tr. 1-7.

## THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff had performed substantial gainful activity in 2018, after his alleged August 1, 2018 onset date. Tr. 27. At step two, the ALJ determined that Plaintiff had the following severe impairments: right knee degenerative joint disease (DJD), obesity, cholelithiasis, and recurrent incarcerated ventral hernias. Tr. 27. At step three, the ALJ found that Plaintiff's impairments did not meet the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. Tr. 28. The ALJ assessed Plaintiff's residual functional capacity ("RFC"), as follows:

> to perform light work as defined in 20 CFR 404.1567(b) except the claimant is limited to lifting and/or carrying 20 pounds occasionally and ten pounds frequently. He is limited to standing and/or walking for a total of about six hours and sitting for a total of about six hours in an eight-hour workday, with normal breaks. He is limited to frequent climbing of ramps or stairs, and no climbing of ladders, ropes, or scaffolds. The claimant is limited to frequent stooping, and occasional kneeling, crouching, and crawling.

Tr. 28.

2 – OPINION & ORDER

At step four, the ALJ determined that Plaintiff could return to his past relevant work as a residential supervisor (DOT # 187.167-186) and a glazier supervisor (DOT # 865.131-010) as generally performed. Tr. 32. The ALJ therefore found Plaintiff not disabled. Tr. 32.

## LEGAL STANDARD

Courts must uphold the ALJ's decision if it "was supported by substantial evidence and based on proper legal standards." *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal quotation marks omitted). When "evidence is susceptible of more than one rational interpretation ... the ALJ's conclusion ... must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Errors in the ALJ's decision do not warrant reversal if they are harmless. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

## DISCUSSION

Plaintiff raises three primary issues with the ALJ's decision. First, he contends that the ALJ unreasonably discounted his symptom testimony without clear and convincing reasons for doing so. Second, Plaintiff argues that the ALJ erred by ignoring a relevant medical opinion from Dr. Steven Vander Waal, resulting in a flawed RFC. And third, Plaintiff argues the ALJ's step four determination that Plaintiff could return to past relevant work is not supported by substantial evidence. I address each issue in turn.

**I.   Subjective Symptom Testimony**

The ALJ is responsible for evaluating symptom testimony. SSR 16-3p, 2017 WL 5180304, at *1 (Oct. 25, 2017). The ALJ engages in a two-step analysis for subjective symptom evaluation. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (superseded on other

grounds). First, the ALJ determines whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal quotations omitted). Second, "if the claimant has presented such evidence, and there is no evidence of malingering, then the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms." *Id.* (internal quotations omitted).

When evaluating subjective symptom testimony, "[g]eneral findings are insufficient." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). "An ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Instead, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195 (9th Cir. 2001); *see also Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discount the claimant's testimony.").

At the administrative hearing in December 2020, Plaintiff testified that he has a high school education. Tr. 43. He does part-time self-employed work as an artist for about 20 to 30 hours per week. Tr. 44-45. He is not able to stand for long periods because of his knee pain and is not able to lift much weight because of his recurring hernia. Tr. 46. Plaintiff said he does not attempt to lift more than 10 to 15 pounds. Tr. 47. Plaintiff had right knee replacement surgery and has been told he will eventually need this for his left knee also. Tr. 48. He estimated he could stand or walk for 15 to 20 minutes at a time. He explained that when he is working on his art, he

4 – OPINION & ORDER

takes needs to take a 30-minute break every "40 minutes or so." Tr. 49. At his past job as a residential supervisor, Plaintiff was responsible for, among other things, moving furniture when new students moved in. He also had to unload office supplies from a truck when they came in. In terms of daily activities, Plaintiff said he is able to mow the lawn at home and this takes 35 to 40 minutes. Tr. 53. He can also do chores such as vacuuming if he does one room at a time and takes breaks. Tr. 54.

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms and did not identify evidence of malingering. Tr. 30. However, the ALJ concluded that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 30. Specifically, the ALJ found Plaintiff's allegations about his need to take frequent breaks were inconsistent with the objective medical evidence, and Plaintiff's work history and daily activities. Tr. 30.

*A. Objective Medical Evidence*

The ALJ is instructed to evaluate objective evidence in considering a claimant's symptom allegations. 20 C.F.R. § 416.929(c)(2) ("Objective medical evidence ... is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms[.]"). Indeed, "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022)(emphasis in original); s*ee also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (affirming the ALJ's credibility finding when the plaintiff's testimony of weight fluctuation was inconsistent with the medical record).

5 – OPINION & ORDER

The ALJ failed to identify any evidence in the medical record that undermined Plaintiff's allegations about his need to take a half-hour break every 40 minutes during a work day. Conflict with objective medical evidence is a sufficient basis for discounting a claimant's testimony. *Smartt v. Kijakazi*, 53 F.4th at 498; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). As evidence that Plaintiff's testimony about his need for breaks overstated his limitations, the ALJ cited Plaintiff's evaluation with Dr. Vander Waal in February 2020, where Plaintiff said he could sit for one hour at a time, stand for 30 minutes at a time, walk two miles, and lift up to 20 pounds. Tr. 30, 1189-92. He reported mild discomfort at times related to his hernia, with no other major complaints besides arthritic pain in the knee when standing on concrete. He said he was doing well since his knee replacement, and took no medications for other issues. He had a stiff but otherwise normal gait, and could stand on tiptoes and heels, balance on either foot, and squat and get back up. Tr. 31, 1189-92. All this evidence spoke to Plaintiff's ability to walk, balance, or do activities for a short period, but none of it undermined his testimony about his need for breaks. *See* Tr. 49. The ALJ did not cite any further aspects of the medical record that conflicted with Plaintiff's testimony. *See* Tr. 22-37. Because nothing in Dr. Vander Waal's treatment notes calls Plaintiff's testimony about a need for breaks into question, the Court finds this basis to discount Plaintiff's testimony was not supported by substantial evidence.

  B.  *Daily Activities & Work Activity*

The ALJ also discounted Plaintiff's subjective symptom testimony about his need for breaks during the work day because it was inconsistent with his work history and reported daily activities. Tr. 27. Activities of daily living can form the basis for an ALJ to discount a claimant's testimony in two ways: (1) as evidence a claimant can work if the activities "meet the threshold for transferable work skills"; or (2) where the activities "contradict [a claimant's] testimony."

*Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir. 2007). The relevant regulations require an ALJ to consider a claimant's daily activities when evaluating subjective symptom statements. 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i). The Ninth Circuit has even found such routine activities as playing video games, using public transportation, and preparing meals to undercut a claimant's testimony of disabling limitations. *Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021). An ALJ can also consider "any work activity, including part-time work, in determining whether a claimant is disabled." *Ford*, 950 F.3d at 1156 (citing *Drouin v. Sullivan*, 966 F.2d 1255, 1258 (9th Cir. 1992). The ALJ emphasized Plaintiff's ability to work part-time in 2019 for 20 to 30 hours a week, and his ability to vacuum, wash dishes, and mow the lawn as evidence that he was able to perform the full scope of sedentary work contemplated by Plaintiff's prior relevant gainful employment. Tr. 29.

None of the activities the ALJ listed establishes that Plaintiff can sustain work-like activity without excessive breaks. To discount a Plaintiff's testimony, and ALJ must cite daily activities or work history that "meet[s] the threshold for transferable work skills" or "contradict[s] [a claimant's] testimony." *Orn,* 495 F.3d at 639. The ALJ noted that Plaintiff can mow the lawn, but only for 35 to 40 minutes. Tr. 53. He can vacuum, but only one room at a time, with a break before trying to vacuum another room. Tr. 54. He can work on his art on a part-time basis, but he needs to take repeated breaks during the day due to flares of hernia-related pain and knee issues. Tr. 49. None of these activities, as they are described in the record, are in any way inconsistent with Plaintiff's testimony about his need for breaks and his need to change positions. *See* Tr. 49. Thus, the ALJ erred in discounting Plaintiff's symptom testimony because his daily activities and work history are not at all inconsistent with his allegations of knee and hernia pain that requires him to take a break every 40 minutes. Because the ALJ failed to provide

clear and convincing reasons for discrediting Plaintiff's testimony concerning his need for regular breaks, the ALJ's decision to discount this subjective symptom testimony was error.

## II.     Medical Opinion Evidence

Plaintiff argues the ALJ also erred by omitting from the RFC Dr. Steven Vander Waal's opinion that Plaintiff is limited to sitting for one hour, standing for 30 minutes, walking two miles, and lifting more than 20 pounds. Tr. 1189. For claims filed before March 27, 2017 the applicable regulations define medical opinions as "statements from acceptable medical sources that reflect judgements about the nature and severity of [claimants'] impairment(s), including [their] symptoms, diagnosis and prognosis, what [they] can still do despite impairment(s), and [their] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1). Regardless of its source, the ALJ is required to consider and explain the weight afforded to every medical opinion in the record using certain factors, such as the amount of relevant evidence that supports the opinion, the quality of the doctor's explanation, the consistency between the opinion and the medical record as a whole, and the doctor's familiarity with the record as a whole. *Id.* §§ 404.1527(c), 416.927(c). After applying the appropriate factors, the ALJ may reject the medical opinion of a non-examining doctor only "by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998); *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

Dr. Vander Waal examined Plaintiff in February 2020. Plaintiff reported mild discomfort at times related to his hernia, and arthritic pain in the left knee when standing on concrete. Plaintiff stated he could sit for one hour, stand for 30 minutes, walk two miles, and lift up to 20 pounds. Tr. 1189. Dr. Vander Waal noted Plaintiff had a somewhat stiff-legged gait and diminished deep tendon reflexes. Dr. Vander Waal also noted Plaintiff's self-stated limitations

8 – OPINION & ORDER

and did not dispute these. He further opined Plaintiff was not restricted in his ability to hear, speak, travel, or handle objects. Tr. 1190. The ALJ found that Dr. Vander Waal's opinion was persuasive, supported by, and consistent with the record and the examination findings. The ALJ purported to incorporate Dr. Vander Waal's limitations into the RFC, limiting plaintiff to light work. Tr. 32. Plaintiff argues that the ALJ erred in failing to account for his need to change positions, which he believes is inconsistent with an ability to perform either light or sedentary work.

  First, the ALJ erred by failing to incorporate Dr. Vander Waal's sitting and standing limitations into the RFC, which wrongly concluded that Plaintiff was capable of light work. Because the ALJ found Dr. Vander Waal's opinion fully persuasive, he was required include the relevant limitations from that opinion in the RFC. *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Light work generally requires the ability to stand or walk for 6 hours in an 8-hour day. See Social Security Rulings 96-9p and 83-12. The limitations in Dr. Vander Waal's report, which the ALJ found persuasive, indicate that Plaintiff could stand for at most 30 minutes at a time before needing to change positions. Tr. 32, 1189. There is simply no way the Plaintiff could stand or walk for the required 6 hours in an 8-hour work day if he needs to get off his feet every 30 minutes. Notably, the Defendant does not defend the ALJ's determination that Plaintiff can perform light work in his brief. *See* Def. Br., ECF No. 17 at 6-7 (arguing only that Plaintiff can perform "sedentary work," given Dr. Vander Waal's limitations to 30 minutes of standing and one hour of sitting). The Court therefore finds the ALJ erred by failing to incorporate a relevant limitation into the RFC, and orders on remand that the ALJ reformulate the RFC to include the limitations reflected in Dr. Vander Waal's medical opinions.

9 – OPINION & ORDER

The ALJ did not err, however, in finding that Plaintiff could work at the sedentary level, which accorded with Dr. Vander Waal's sitting and standing limitations. Sedentary work generally requires a person to remain in a seated position for uninterrupted 2-hour intervals. *See* Social Security Ruling 96-9p. An individual that needs to alternate between sitting and standing more frequently may still be capable of sedentary work; Ruling 96-9p instructs that the "full range of unskilled sedentary work will be eroded" with frequent alternating between sitting and standing, but that "the extent of the erosion will depend on the facts in the case record." *Id.* Vocational experts are competent to testify to the extent of the erosion in available jobs due to a claimant's need to alternate between sitting and standing. *See, e.g., Amin A. v. Kijakazi,* 2023 WL 3565072, at *2 (N.D. Cal. Mar. 31, 2023). The facts in this record reflect that Plaintiff needed to change positions "as needed throughout the day while remaining on task," and the VE testified that the identified jobs would still be suitable despite this limitation. Tr. 57. The VE acknowledged that the DOT itself does not address the issue of alternating positions and the ALJ reasonably relied on the VE's professional experience when finding Plaintiff still capable of performing past relevant work. Tr. 59. The ALJ did not err in relying on the VE's expertise, and substantial evidence therefore supported the ALJ's conclusion that Plaintiff could work as a residential supervisor and a glazier supervisor as generally performed.

### III. Step Four

At step four, claimants have the burden of showing that they can no longer perform their past relevant work. 20 C.F.R. §§ 404.1520(e). "A claimant must be able to perform her past relevant work either as actually performed or as generally performed in the national economy." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). The ALJ's decision regarding a claimant's past relevant work must be supported by substantial evidence, which "is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion" when considering "the record as a whole." *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993) (per curiam).

The Dictionary of Occupation Titles (DOT), which describes duties commonly performed in various jobs, is "the best source for how a job is generally performed." *Pinto*, 249 F.3d at 845. However, an ALJ must bear in mind that "[e]very occupation consists of a myriad of tasks, each involving different degrees of physical exertion." *Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir. 1985). And some occupations have tasks that do not neatly align with the DOT's description for any single job. Accordingly, under the SSA's Program Operations Manual System (POMS), an ALJ considers whether a claimant's work is a "composite job." POMS DI 25005.020. Work constitutes a compositive job when it has "significant elements of two or more occupations and as such, ha[s] no counterpart in the DOT." *Id.* More specifically, work "may be a composite job if it takes multiple DOT occupations to locate the main duties of the [past relevant work] as described by the claimant." *Id.*

The Ninth Circuit has not established a bright-line rule for what constitutes "significant elements" or "main duties" of work. However, district courts generally consider the "fundamental nature" of the work at issue, focusing on how much time a plaintiff spends doing the tasks claimed to support a composite-job finding. *Dora L. v. Kijakazi*, 2021 WL 4502722, at *14 (C.D. Cal. Sept. 30, 2021) (citing *Stacy v. Colvin*, 825 F.3d 563, 570 (9th Cir. 2016)); *Elias v. Comm'r of Soc. Sec. Admin.*, 2019 WL 4296779, at *2 (D. Ariz. Sept. 11, 2019) ("Here, the work had a comparable job in the national economy because the fundamental nature of the work resembled that of a data entry clerk."); *Douglas v. Colvin*, No. 2016 WL 11788749, at *7 (E.D. Wash. Aug. 15, 2016) ("[S]hould the ALJ consider the work performed at IBM for any purpose,

the ALJ is instructed to take additional testimony regarding the proportionality of each task performed and determine whether or not one task was performed at a high enough rate that the other task was not sufficient to change the fundamental nature of the work."). Notably, "[a] particular job does not become composite merely because, as actually performed, the particular job included tasks not generally performed in such a job." *Laurie A. M. v. Kijakazi*, 2022 WL 2610246, at *4 (C.D. Cal. July 8, 2022).

At step four, the ALJ found Plaintiff had past relevant work as a residential supervisor (DOT # 187.167-186) and a glazier supervisor (DOT # 865.131-010), and that he was capable of returning to either of those jobs as generally performed. Tr. 32. Plaintiff argues that the ALJ improperly classified these jobs and that Plaintiff's actual past relevant work consisted of composite jobs with elements of the above occupations and also others, such as stores laborer (DOT # 922.687-058). Taking these other tasks into account, Plaintiff argues he could not return to any of his prior work, even as generally performed.

On this record, it is unclear whether the ALJ's step four decision to classify Plaintiff's past work as "residential supervisor" or "glazier supervisor" is supported by substantial evidence. Although the burden of proof lies with the claimant at step four, the ALJ still must make "specific findings on the record at each phase of the step four analysis" that support her decision, and which provide for "meaningful judicial review." *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001). At the hearing, Plaintiff testified that his residential supervisor job involved sedentary work overseeing students in the dormitory, but also other, heavier duties such as lifting and moving furniture (bunk beds, lockers, etc.) and unloading cases of office supplies when deliveries arrived. Tr. 50-51. Although it seems reasonable to assume Plaintiff did the sedentary aspects of his residential supervisor job most of the time, there is no evidence in the record to

support these being his "main duties." See Tr. 33-61. Likewise, Plaintiff's work as glazier supervisor involved paperwork and light managerial work, but also loading trucks with supplies, cutting glass, and lifting up to 100 pounds. Tr. 206. The ALJ did not make any factual findings about how often Plaintiff did the sedentary or heavy aspects of either job. Tr. 33-61. The Court therefore finds it impossible to identify what qualify as the "significant elements" or "main duties" of Plaintiff's work. The ALJ erred by failing to make the factual findings necessary to provide for meaningful judicial review of her step four finding. On remand, the ALJ is instructed to develop the record regarding the proportionality of each task performed in Plaintiff's prior work as residential supervisor and glazier supervisor, and determine whether or not Plaintiff's "main duties" fit withing DOT definitions or if he in fact worked a composite job.

## CONCLUSION

For the reasons given above, I REVERSE the Commissioner's decision and REMAND this case for further proceedings to reformulate the RFC to adequately account for Plaintiff's symptom testimony and Dr. Vander Waal's medical opinions, and further develop the record to clarify whether Plaintiff's past relevant work qualifies as a "composite job" or fits a DOT definition.

IT IS SO ORDERED.

DATED: 11/6/2023.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge